IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| L & B DEVELOPMENT CO. INC., SOUTH RIM, LC, HOGAN BROTHERS INC., JACKSON CLEARWATER CO. INC., LELAND J. HOGAN, JOYCE R. HOGAN, WILLIAM J. HOGAN, AND JILL J. HOGAN,<br><br>Plaintiffs,<br><br>v.<br><br>BARNES BANCORPORATION f/k/a BARNES BANKING CO. INC., DEPOSIT INSURANCE NATIONAL BANK OF KAYSVILLE, FEDERAL DEPOSIT INSURANCE CORP., COLONY CAPITAL L.L.C., RADC/CADC VENTURE 2010-2 L.L.C., COLONY AMC 2001 ADC L.L.C., SITUSSERV L.P., MIDLAND LOAN SERVICES INC., ARGENT MANAGEMENT L.L.C., CURTIS HARRIS, MICHAEL PAVICH, LLOYD SEDILLO, BRUCE CURTIS, and DOES 1–10.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S [27] MOTION TO DISMISS AND MOTION TO STRIKE AND ORDERING PLAINTIFFS TO FILE AN AMENDED COMPLAINT AND MORE DEFINITE STATEMENT**<br><br>Case No.: 2:12-cv-01119 DN<br><br>District Judge David Nuffer |

Defendant Lloyd Sedillo ("Sedillo") moves[1] to dismiss from the Plaintiffs' complaint[2] the Eighth Cause of Action (fraudulent concealment) and any and all other claims of fraud, intentional misrepresentation, or concealment as time-barred, and to strike or dismiss the entire complaint relying on Rules 8(a), 8(d), 12(b)(6), and 12(f) of the Federal Rules of Civil

---

[1] Defendant's Motion to Dismiss Fraud Claims as Time-Barred and Motion to Strike or Dismiss Plaintiffs' Entire Complaint ("Def.'s Mot."), docket no. 27, filed Feb. 15, 2013.

[2] Plaintiffs' Complaint ("Pls.' Compl."), docket no. 2, filed Dec. 10, 2012.

Procedure.[3] Alternatively, Sedillo requests that "to the extent the Court does not dismiss the Complaint in its entirety . . . that the Court will enter an order permitting [Sedillo] to respond to the numerous allegations of the Complaint with a general denial . . . ."[4] Plaintiffs oppose Sedillo's motion.[5] For the reasons set forth herein, Sedillo's motion is denied, though Plaintiffs are ordered pursuant to Rule 12(e) to file an amended complaint containing a more definite statement within twenty-one (21) days of the date of this order.[6]

## BACKGROUND

Plaintiffs' allegations arise from a series of loans to Plaintiffs for the development of land near Tooele, Utah.[7] Sedillo was a commercial loan officer at Central Bank[8] before accepting a position as vice president with Barnes Bank in 2006.[9] While employed at Central Bank, Sedillo brokered a loan to Plaintiffs related to Phase I of the land development.[10] After beginning his new position at Barnes Bank, Sedillo brokered an additional loan related to Phase II of the land development.[11] Although Plaintiffs describe numerous facts and multiple loan agreements, the root of Plaintiffs' complaint seems to focus on a third loan agreement brokered by Sedillo between Plaintiffs[12] and Barnes Bank. The specific loan agreement at issue is a May 2009 loan

---

[3] Def.'s Mot. at 1, 5, docket no. 27.

[4] *Id.* at 1–2. *See* Fed.R.Civ.P. 8(b)(3).

[5] Plaintiffs' Opposition to Defendants' Motion. ("Pls.' Opp'n"), docket no. 35, filed Mar. 25, 2013.

[6] Fed.R.Civ.P. 12(e).

[7] Pls.' Compl. ¶ 1, docket no. 2.

[8] *Id.* ¶ 24.

[9] *Id.* ¶ 28.

[10] *Id.* ¶ 24.

[11] *Id.* ¶ 29.

[12] In parts of the complaint, Plaintiffs allege that all of them executed the loan documents. *See e.g.*, Pls.' Compl. ¶¶ 33–34, 38, 42, 46, 60–61, 65. However, other parts of Plaintiffs' complaint indicate that not all Plaintiffs were parties to the executed loan documents. *See e.g.*, Pls.' Compl. ¶¶ 1, 56 (stating plaintiff Jackson Clearwater Co. Inc. was not a party to the loan contracts at issue).

agreement to complete Phase III of the land development.[13]  Plaintiffs allege they unknowingly became personally liable under the May 2009 loan agreement.[14]  Further, Plaintiffs allege that after Barnes Bank subsequently failed and Plaintiffs could not submit any more draw requests under the May 2009 loan, that Plaintiffs have experienced financial losses and now face personal liability under the May 2009 loan agreement.[15]

## DISCUSSION

Rule 8 of the Federal rules requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[16]  The United States Supreme Court has since expounded on the "short and plain" requirement, holding that Rule 8 "does not require detail factual allegations," but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[17]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . .'" does not satisfy Rule 8.[18]  Although Sedillo relies extensively on certain provisions of Rule 8 in support of his motion,[19] he ignores Rule 8(e), which must be read with the standard for dismissal under Rule 12(b)(6).  Rule 8(e) requires that "[p]leadings must be construed so as to do justice."[20]

---

[13] Pls.' Compl. ¶ 46, docket no. 2.  *See* Def.s' Mot. at 2, docket no. 27; Pls.' Opp'n at 2, docket no. 35.

[14] Pls.' Compl. ¶¶ 82, 182, 220, docket no. 2.

[15] *Id.* ¶¶ 50, 164, 220.

[16] Fed.R.Civ.P. 8(a)(2).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted).

[18] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[19] *See* Def.'s Mot. at 1–3, 8–10; Defendant's Reply in Support of Defendant's Motion ("Def.'s Reply") at 1–4 , docket no. 37, filed Apr. 4, 2013.

[20] Fed.R.Civ.P. 8(e).

To construe a pleading so as to do justice "requires 'that we not rely solely on labels in a complaint, but that we probe deeper and examine the substance.'"[21]  Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]  The plausibility standard requires "more than a sheer possibility that a defendant acted unlawfully."[23]  "[O]nly a complaint that states a plausible claim for relief [can] survive[] a motion to dismiss."[24]

In evaluating a motion under Rule 12(b)(6)[25] to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted,"[26] the court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."[27]  The court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[28]  Granting a motion to dismiss under rule 12(b)(6) "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."[29]

Plaintiffs' complaint, though disorganized and not a model of clarity, contains sufficient facts "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[30]

---

[21] *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1107–08 (10th Cir. 2009) (quoting *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001)).

[22] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

[23] *Id.*

[24] *Id.* at 679.

[25] Fed.R.Civ.P. 12(b)(6).

[26] *Id.*

[27] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)).

[28] *Id.* (quoting *Twombly*, 550 U.S. at 570).

[29] *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001)).

[30] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

Sedillo, it is alleged, was an employee of Central Bank and later of Barnes Bank during the time period forming the basis of the allegations in the complaint.[31]  Plaintiffs allege that Sedillo "completed [the loan documents] on his own after obtaining Plaintiffs' signatures on blank application forms;"[32] did not provide Plaintiffs' with an opportunity to review the loan documents;[33] and failed to provide a complete set of loan document to Plaintiffs.[34]  The Plaintiffs' have provided "enough facts to state a claim to relief that is plausible on its face"[35] and have "nudged their claims across the line from conceivable to plausible. . . ."[36]  Thus, the complaint sufficiently complies with Rule 8 and avoids dismissal under Rule 12(b)(6).

However, Plaintiffs' complaint is nevertheless deficient in two primary areas.  First, the complaint lacks clear identification of which plaintiffs were harmed by which defendants in each of the causes of action.  For example, the complaint lumps all of the plaintiffs together in many of the allegations and causes of action related to execution of the loan documents and ownership of the property,[37] even though other allegations indicate that not all of the plaintiffs executed the loan documents or owned the property at issue.[38]

Second, Plaintiffs allege various frauds and in argument on this motion rely on the discovery rule to overcome the statute of limitations issue raised by Sedillo, but the allegations in the complaint lack the requisite specificity.  "In alleging fraud or mistake, a party must state with

---

[31] *See* Pls.' Compl. ¶¶ 28, 46, docket no. 2.

[32] *Id.* ¶ 51.

[33] *Id.* ¶¶ 60, 163.

[34] *Id.* ¶¶ 78, 163.

[35] *Twombly*, 550 U.S. at 570.

[36] *Id.*

[37] *See e.g.*, Pls.' Compl. ¶¶ 33–34, 38, 42, 46, 60–61, 65, 184, 185, docket no. 2.

[38] *See e.g.*, *id.* ¶¶ 1, 56

particularity the circumstances constituting fraud or mistake."[39] Post-*Twombly*, Rule 9(b) requires that allegations of fraud "afford the defendant fair notice of [plaintiffs'] claims and the factual ground upon which they are based . . . ."[40] At a minimum, this requires plaintiffs to allege the "who, what, when, where and how of the alleged [fraud],"[41] and then go on to detail "the time, place, content, and consequences of the fraudulent conduct."[42] And "[w]hile the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."[43]

Again, though the complaint consists of fifty-three pages and two-hundred forty numbered paragraphs, it is not a model of clarity as to the date when Plaintiffs knew or should have known of Sedillo's alleged fraudulent concealment of the contents of the loan documents at issue in this case.[44] The facts alleged are insufficient to raise tolling by the discovery rule because the allegations lack specificity as to the "who, what, when, where and how of the alleged [fraud]" and discovery.[45]

Although Rule 12(e) states that "[a] party may move for a more definite statement,"[46] a "district court [has] the inherent authority to require [a party] to file a more definite statement. Such authority, if not inherent in Rule 12(e), is surely within the district court's authority to

---

[39] Fed.R.Civ.P. 9(b).

[40] *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010) (citations omitted).

[41] *Id.*

[42] *Id.*

[43] *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("Statute of limitations questions may, therefore, be appropriately resolved on a Fed.R.Civ.P. 12(b) motion.").

[44] Def.'s Reply at 2–3, docket no. 37.

[45] *United States ex rel. Lemmon*, 614 F.3d at 1171 (quotations omitted).

[46] Fed.R.Civ.P. 12(e).

6

narrow the issues in the case in order to speed its orderly, efficient, and economic disposition"[47] and may be viewed as part of the "district court's case-management arsenal."[48]

A more definite statement setting forth the factual basis supporting application of the discovery rule is necessary before determining whether the discovery applies to toll the statute of limitations on the claims against Sedillo, and to allow Sedillo to more fully and accurately respond to the allegations against him. Factual allegations should also specifically identify which plaintiffs were harmed by which defendants in each of the causes of action.

Sedillo alternatively moves the court to strike the complaint under Federal Rule of Civil Procedure 12(f). Rule 12(f) states "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[49] Besides a few conclusory arguments that "[t]he complaint contains 'redundant, immaterial, impertinent, or scandalous material,'"[50] citation to Rule 12(f),[51] and a statement that Sedillo "vehemently disputes the many defamatory and scandalous statements regarding him personally . . . ,"[52] Sedillo fails to provide factual support or examples of allegations in the complaint that are redundant, immaterial, impertinent, or scandalous. Rather, Sedillo only asserts that "[t]he time and expense required to respond to two hundred forty separate numbered paragraphs is neither reasonable nor necessary .

---

[47] *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

[48] *Twombly*, 550 U.S. at 593 n.13. *See also Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279, 1283–84 (D. New Mexico 2002) (citing *Barnett v. Bailey*, 956 F.2d 1036, 1043–44 (11th Cir. 1992) (ruling that if a complaint is ambiguous or contains insufficient information to frame a responsive pleading, the proper remedy is not to order dismissal but to order clarification)); *Anderson v. Bd. of Trs.*, 77 F.3d 364, 367 (11th Cir. 1996) (ruling that courts may order sua sponte a plaintiff to provide a more definite statement).

[49] Fed.R.Civ.P. 12(f).

[50] Def.'s Mot. at 2, docket no. 27.

[51] *Id.* at 5, 9.

[52] *Id.* at 7.

. . [and] would impose undue burden and expense [on him]."[53] Sedillo's Rule 12(f) motion is therefore denied.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Defendant Lloyd Sedillo's Motion to Dismiss Fraud Claims as Time-Barred and Motion to Strike or Dismiss Plaintiffs' Entire Complaint[54] is DENIED.

IT IS FURTHER ORDERED that Plaintiffs L&B Development Company, Inc., South Rim, LC, Hogan Brothers, Inc., Jackson Clearwater Co. Inc., Leland J. Hogan, Joyce R. Hogan, William J. Hogan, and Jill J. Hogan shall file an amended complaint within twenty-one (21) days of this order. Failure to file an amended complaint within the prescribed time will result in dismissal of this case with prejudice.

IT IS FURTHER ORDERED that Plaintiffs L&B Development Company, Inc., South Rim, LC, Hogan Brothers, Inc., Jackson Clearwater Co. Inc., Leland J. Hogan, Joyce R. Hogan, William J. Hogan, and Jill J. Hogan shall file a written status report within twenty-one (21) days identifying the remaining defendants in this case and the status of the prosecution of this case against those defendants.

Signed December 30, 2013.

BY THE COURT:

David Nuffer
United States District Judge

---

[53] Def.'s Reply at 4, docket no. 37.

[54] Docket no. 27.